Clarice Tuck
1600 E. Vista Way #110
Vista, CA 92084
Ph: 760-724-9439

In Pro Se

FILED

JUN 23 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE TUCK, | CASE NO: **15CV1376 JLS JLB** |
| Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES |
| vs. | VIOLATION OF 15 U.S.C. 1692 *et seq.* FDCPA |
| | VIOLATION OF 47 U.S.C. 227 *et seq.* TCPA |
| GUARDIAN PROTECTION SERVICES, INC | VIOLATION OF CALIFORNIA ROSENTHAL |
| CHARLES D. SCHOLZ Division Council, | |
| Does 1-25, | FAIR DEBT COLLECTION PRACTICES ACT |
| | CC 1788 *et seq.* |
| Defendants, | |
| | DEMAND FOR JURY TRIAL |

# COMPLAINT

Plaintiff, CLARICE TUCK, "In Pro Se" individually hereby sues Defendant's Guardian
Protection Services, Joseph, Mann & Creed a debt collector, and DOES 1-25 for violations of the
(FDCPA) 15 U.S.C. §1692, for violations of the (TCPA) 47 U.S.C. §227(a)(iii),
and the California Rosenthal Fair Debit Collection Practices Act Civil Code 1788.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by the Plaintiff against
   Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227,
   47 U.S.C. §227(b)(1), 47 U.S.C. §227(a)(iii). Violations of the Fair Debt Collection
   Practices Act (FDCPA) 15 U.S.C. §1692c(a)(1), Fair Debt Collection Practices Act
   (FDCPA) 15 U.S.C. §1692d(5) and Fair Debt Collection Practices Act (FDCPA)
   15 U.S.C. §1692D(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10),
   and the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

---

2. Plaintiff contends that the Defendant Guardian Protection Services has violated such laws by repeatedly harassing the 86 year old Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. §1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under California Code of Civil Procedure §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391b and California Civil Procedure §395(a). Venue in this district is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $50,000.00.

## PARTIES

6. Plaintiff, CLARICE TUCK, ("TUCK") is a natural person and is a resident of the State of California, San Diego County.

7. Upon information and belief Defendant, Guardian Protection Services ("GPS") is a foreign corporation, authorized to do business in California, with a corporate headquarters located at 174 Thorn Hill Road, Warrendale, PA 15086 USA. Upon information and belief the registered CEO/Agent is Russ Cersosimo.

8. Defendant GPS is an entity which collects debts, bring it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

## FACTUAL ALLEGATIONS

9. Plaintiff has no prior or present established relationship with the defendant GPS.

10. Plaintiff has never given Defendant express written permission to call Plaintiff's cellular phone.

11. Plaintiff has no contractual obligation to pay Defendant GPS.

12. From February 25, 2015 thru March 24, 2015, GPS violated the TCPA by leaving 40

recorded messages using a automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's cell phone number 760-724-9439.

13. From February 25, 2015 thru March 24, 2015, GPS violated the TCPA by calling Plaintiff's cell phone 40 times with no prior permission given by Plaintiff.

14. From February 25, 2015 thru March 24, 2015 the Defendant GPS violated the TCPA on numerous occasions by leaving recorded messages on Plaintiff's cell phone without express written permission.

15. From February 25, 2015 thru March 24, 2015 the Defendant GPS asserted a right which it lacks, to wit, the right to enforce or collect a debt.

16. From February 25, 2015 thru March 24, 2015 Defendant failed to identify that they were debt collectors trying to collect a debt.

17. On May 13, 2015, Plaintiff sent Defendant GPS a NOTICE OF INTENTION TO COMMENCE ACTION by United States Certified Mail Receipt #7014 0510 0001 2044 0971, which Defendant received on May 18, 2015.

## COUNT 1

## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT

## 47 U.S.C. §227(b)(1)(A) BY DEFENDANT GUARDIAN PROTECTION SERVICES

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

19. Defendant GPS has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using automatic telephone dialing system to call the Plaintiff's number 760-724-9439 which is assigned to a San Diego County cellular service provider Greatcall (Jitterbug) and listed on the National Do Not Call list since December 17, 2003.

20. 47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.-

(1) PROHIBITIONS.- It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) To make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -

1    20.   Defendant GPS has called the Plaintiff's cell phone number no less than 40 separate times

2          using an automatic dialing system.

3    21.   Defendant GPS has committed 40 separate violations of 47 U.S.C. §227(b)(1)(A) and

4          Plaintiff is entitled to damages of $500 dollars for the first call and $1500 for each

5          additional violation after the first call pursuant to 47 U.S.C. §227(b)(3)(B).

6    22.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

7          §227(b)(1)(A) The last 39 calls are subject to treble damages pursuant to 47 U.S.C.

8          §227(b)(3) as those calls were intentional. Plaintiff spoke with GPS legal representative

9          twice after sending and GPS receiving my Notice of Intention to Commence Action and

10         GPS through their legal representative assured Plaintiff that the calls would stop. Since

11         then GPS refuses and continues to violate 47 U.S.C. An "unintentional" call carries a

12         damage amount of $500.00 per call, an "intentional" call carries a damage amount of

13         $1,500.00 per violation.

14    23.   Defendant GPS has demonstrated willful or knowing non-compliance with 47 U.S.C.

15         §227(b)(1)(A)(iii)  by calling the Plaintiff's number, which is assigned to a cellular

16         telephone service Greatcall/Cricket. The Plaintiff has never given GPS express written

17         permission to call the Plaintiff's cell phone. Plaintiff is entitled to damages of $1,500 per

18         violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and GPS do not have an

19         established business relationship within the meaning of 47 U.S.C. §227.

20         **WHEREFORE,** Plaintiff demands judgement for damages against GPS for actual,

21         statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. §227.

22         <u>**COUNT II**</u>

23    <u>**VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C.**</u>

24       <u>**§1692c(a)(1) BY DEFENDANT GUARDIAN PROTECTION SERVICES**</u>

25    23.   Plaintiff alleges and incorporates the information in all previous paragraphs.

26    24.   Defendant GPS placed no less than 40 telephone calls to the Plaintiff's cellular telephone.

27    25.   Defendant knew or should have known that the phone calls made were inconvenient to the

28         Plaintiff or consumer.

26. Defendant GPS violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on dates and times listed in detail in **"ATTACHMENT A"** enclosed with this complaint, with no express prior permission given by Plaintiff.

27. Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

28. 15 U.S.C. §1692c(a) states in part;

    (a)   COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection withe the collection of a debt -

**WHEREFORE,** Plaintiff demands judgement for damages against GPS for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES AT (FDCPA) §1692d(5) BY DEFENDANT GUARDIAN PROTECT SERVICES

29. Plaintiff alleges and incorporates the information in all previous paragraphs.

30. Defendant GPS violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 40 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

31. This intentional and repeated calling by GPS has caused the *86 year old* Plaintiff undue stress, confusion, nervousness and embarrassment.

32. 15 U.S.C. §1692d(5) states in part;

    A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of he foregoing, the following conduct is a violation of this section:

    (5)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgement for damages against GPS for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

///

///

# COUNT IV

# VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),

# 15 U.S.C. §1692d(6) BY DEFENDANT GUARDIAN PROTECTION SERVICES

33. Plaintiff alleges and incorporates the information in all previous paragraphs.

34. Defendant GPS violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful disclosure of the caller's identity on no less than 40 separate and independent call times with no prior express permission by Plaintiff.

35. 15 U.S.C. §1692d(6) states in part;

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgement for damages against GPS for actual, statutory, and punitive damages, attorney's and costs, pursuant to 15 U.S.C. §1692.

# COUNT V

# VIOLATION OF FAIR DEBT CLLECTION PRACTICES ACT (FDCPA),

# 15 U.S.C. §1692e(10) BY DEFENDANT GUARDIAN PROTECTION SERVICES

36. Plaintiff alleges and incorporates the information in all paragraphs.

37. Defendant GPS violated 15 U.S.C. §1692e(10) by the use of false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

38. 15 U.S.C. §1692e(10) states in part;

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptiove means to collect or attempt to collect any debt or to obtain information concerning consumer.

///

///

///

---

## COUNT VI

### VIOLATION OF CALIFORNIA ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.*
### BY DEFENDANT GUARDIAN PROTECTION SERVICES

39. Plaintiff alleges and incorporates the information in all previous paragraphs.

40. Plaintiff is a consumer within the meaning of 15 U.S.C. 1692 *et seq.*

41. Defendant GPS is seeking to collect a consumer debt from Plaintiff as defined by California Civil Procedure §1788(f).

42. The account in question is a consumer credit transaction as defined by California Civil Procedure §1788(e) as Plaintiff has allegedly received property, services or money from the Defendant GPS or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

43. Defendant GPS violated §1788.11(d) of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

44. Defendant GPS violated §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a direct intentional harassment to Plaintiff under the circumstances.

45. Defendant violated Section §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by continuously failing to comply with the statutory regulations contained within the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

   I.   Defendant violated §1692d of the Fair Debt Collection Practices Act (FDCPA) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   ii.  Defendant violated §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) a cellular telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff.

| | |
|---|---|
| 1 | **WHEREFORE,** Plaintiff demands judgement for damages against Guardian Protection |
| 2 | Services, "GPS", for actual, statutory, and attorney's fees pursuant to §1788.30(b) and |
| 3 | costs pursuant to §1788.30(c) . |
| 4 | |
| 5 | ## DEMAND FOR JURY TRIAL |
| 6 | Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. |
| 7 | Respectfully submitted this 23rd day of June, in the year of 2015. |
| 8 | |
| 9 | CLARICE TUCK |
| 10 | 1600 E. Vista Way #110<br>Vista, CA 92084<br>Ph: 760-724-9439 |
| 11 | |
| 12 | In Pro Se |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

# VERIFICATION

## Declarations of Clarice Tuck

I, Clarice Tuck declare as follows:

1. I am the Plaintiff in the above-entitled case.

2. I am of age, sound and mind and competent to testify to all of the facts based on first hand knowledge of above-items so stated.

3.  I have been damaged financially, socially and emotionally as a direct result of Defendant's unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under the penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.


*Clarice E. Tuck*
Clarice Tuck, Declarant

///
///
///
///
///
///
///
///
///
///
///

# "ATTACHMENT A"

Here is a list of alleged direct (TCPA)(FDCPA) & (CFDCPA) violations committed by the Defendant Guardian Protection Services.

At the present time violations include calls to my personal Greatcall/Cricket cellular service providers cell phone 760-724-9439 on the below listed dates: Note * Please take notice of all of the incoming call times, all calls were made by using an automatic telephone dialing system. It is apparent each call was made at almost the same exact time each day. A human being could not possibly be this accurate with any manually activated phone system on a busy national phone line.

1 - February 25, 2015        @ 9:51:59 a.m. (from 724-741-3500)
2 - February 26, 2015        @ 2:36:50 p.m. (from 724-741-3500)
3 - February 27, 2015        @ 2:36:47 p.m. (from 724-741-3500)
4 - February 28, 2015        @ 2:36:57 p.m. (from 724-741-3500)
5 - March 1, 2015            @ 2:37:04 p.m. (from 724-741-3500)
6 - March 2, 2015            @ 2:37:02 p.m. (from 724-741-3500)
7 - March 4, 2015            @ 2:37:12 p.m. (from 724-741-3500)
8 - March 5, 2015            @ 2:37:18 p.m. (from 724-741-3500)
9 - March 7, 2015            @ 2:37:23 p.m. (from 724-741-3500)
10- March 8, 2015            @ 3:37:22 p.m. (from 724-741-3500)
11- March 10,2015            @ 3:37:28 p.m. (from 724-741-3500)
12- March 11, 2015           @ 3:37:42 p.m. (from 724-741-3500)
13- March 12, 2015           @ 3:37:43 p.m. (from 724-741-3500)
14- March 13, 2015           @ 3:37:42 p.m. (from 724-741-3500)
15- March 14, 2015           @ 3:37:47 p.m. (from 724-741-3500)
16- March 15, 2015           @ 3:38:01 p.m. (from 724-741-3500)
17- March 16, 2015           @ 3:38:05 p.m. (from 724-741-3500)
18- March 18, 2015           @ 3:38:20 p.m. (from 724-741-3500)
19- March 20, 2015           @ 3:38:41 p.m. (from 724-741-3500)
20- March 23, 2015           @ 3:39:00 p.m. (from 724-741-3500)
21- March 24, 2015           @ 4:50:10 p.m. (from 724-741-3500)
22- March 25, 2015           @ 4:50:20 p.m. (from 724-741-3500)
23- March 26, 2015           @ 4:50:27 p.m. (from 724-741-3500)
24- March 27, 2015           @ 4:50:37 p.m. (from 724-741-3500)
25- March 28, 2015           @ 4:50:37 p.m. (from 724-741-3500)
26- March 30, 2015           @ 4:50:44 p.m. (from 724-741-3500)
27- April 1,   2015          @ 4:50:54 p.m. (from 724-741-3500)
28- April 3,   2015          @ 4:51:09 p.m. (from 724-741-3500)
29- April 12, 2015           @ 4:52:32 p.m. (from 724-741-3500)
30- April 17, 2015           @ 4:52:56 p.m. (from 724-741-3500)
31- February 25, 2015        @ 10:59:11 a.m.  (from 484-668-4033)
32- February 26, 2015        @  1:39:41 p.m.  (from 484-668-4033)
33- March 2, 2015            @ 12:15:05 p.m.  (from 484-668-4033)
34- March 4, 2015            @ 12:17:17 p.m.  (from 484-668-4033)
35- March 11, 2015           @  6:53:49 p.m.  (from 484-668-4022)
36- March 12, 2015           @  6:04:13 p.m.  (from 484-668-4022)
37- March 18, 2015           @ 11:47:54 a.m.  (from 484-668-4022)
38- March 19, 2015           @  9:43:09 a.m.  (from 484-668-4022)
39- March 21, 2015           @  8:44:30 a.m.  (from 484-668-4022)
40- March 24, 2015           @  9:45:52 a.m.  (from 484-668-4022)

///

**ATTACHMENT A**