Robert M. Linn (State Bar # 190387)
rlinn@cohenlaw.com
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Phone: (412) 297-4900
Fax: (412) 209-0672

Attorneys for Defendant
Guardian Protection Services, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE TUCK,<br><br>   Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION SERVICES, INC.,<br><br>   Defendant. | CASE NO. 15-CV-1376-JLS(JLB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Date:   January 21, 2016<br>Time:  1:30 p.m.<br>Ctrm:   4A<br>Judge:  Hon. Janis L. Sammartino |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Guardian Protection Services, Inc. ("Defendant" or "Guardian"), by and through its attorneys, Cohen & Grigsby, P.C., files the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Strike in this action filed by Plaintiff Clarice Tuck ("Plaintiff").

## I. **ARGUMENT**

Under Rule 12(f), a court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). According to Plaintiff, the terms and conditions of the contracts that Plaintiff herself attached to her Amended Complaint "definitely fall[] into the 'scandalous matter' category[.]" Plaintiff's Memorandum of Points and Authorities in Support of Motion to Strike ("Plaintiff's Memorandum"), at 2. Plaintiff's argument is entirely without merit.

"A scandalous pleading is one that 'improperly casts a derogatory light on someone, most typically on a party to the action.'" Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (citation omitted). At no point in her Memorandum does Plaintiff attempt to argue that Guardian's Exhibits meet that exacting standard. Accordingly, Plaintiff's Motion to Strike should be denied.

Indeed, even if Plaintiff had attempted to argue that the Exhibits attached to Guardian's Motion to Dismiss "improperly cast[] a derogatory light on someone," it would be of no moment, since the Exhibits that she challenges are manifestly incapable of satisfying that standard. The Exhibits that Plaintiff seeks to strike from the record are terms and conditions outlining the various rights and responsibilities of parties to a business transaction, specifically, the provision of home-security services by Guardian's authorized dealer(s) — and, by assignment, Guardian — to the

-2-

customer.  It is difficult to imagine how any of these provisions could possibly be construed as "derogatory."

Plaintiff asks why the terms and conditions were not attached to Guardian's Motion to Dismiss Plaintiff's original Complaint, indicating her belief that the pages were omitted in a "blatant attempt to deceive [] Plaintiff and this [H]onorable [C]ourt." Plaintiff's Memorandum, at 3.  Of course, Guardian attached the Exhibits to its Motion to Dismiss her Amended Complaint only because in her amended pleading — as opposed to her initial pleading — Plaintiff attached, referenced and relied upon her contracts with Guardian without including the second page of each document. Because Plaintiff herself chose to make her contracts with Guardian a focal point of her Amended Complaint, she cannot now complain that the entirety of those contracts — not just the pages that she finds to be favorable to her case — will be part of the record and considered by this Court.  See The Missing Link, Inc. v. eBay, Inc., No. C-07-04487 RMW, 2008 WL 1994886, at *3 (N.D. Cal. May 5, 2008) ("A court may [] look outside the complaint where the outside document has been referenced by, or relied on in the complaint itself."); Schulz v. Cisco Webex, LLC, No. 13-CV-04987-BLF, 2014 WL 2115168, at *3 (N.D. Cal. May 20, 2014) ("Here, Plaintiffs allege the existence of a contract and allude to its contents, but do not attach the contract at issue.").

While Plaintiff appears to contest the authenticity of the Exhibits, her suggestion that the terms and conditions attached to Guardian's Motion are not the terms to which

she had agreed is simply incredible.  The second page of the Sales and Installation Agreement ("SIA") has an identification number printed in the bottom right-hand corner that corresponds exactly with the number in the bottom right-hand corner of the first page that Plaintiff had attached to her Amended Complaint.  <u>See</u> SIA, at 1, 2 (both listing the following identification number: CP-GP-AMP-2110-Dealer 4/13).  The first page of the Monitoring Agreement attached to Plaintiff's Amended Complaint references specific sections in the terms and conditions that correspond exactly to the terms and conditions attached as Exhibit A to Guardian's Motion to Dismiss.  <u>See</u> Monitoring Agreement, Section C(III)(5) ("We may increase the Monthly Service Fee during any renewal term for any other reason pursuant to Section 11."); <u>id.</u>, Terms and Conditions, ¶ 11 (dealing with price changes); <u>see also id.</u>, Section H ("SEE SECTIONS 9 AND 11 OF THIS MRA FOR ADDITIONAL INFORMATION ABOUT NON-PAYMENT, DEFAULT AND RATE INCREASES"); <u>id.</u>, Terms and Conditions, ¶¶ 9, 11 (discussing non-payment, default and rate increases).

If Plaintiff wishes to have Guardian's exhibits stricken from the record on the basis that they are not the terms and conditions that were attached to her contracts, this Court should require her to produce the original second pages that she had omitted from her Amended Complaint.

## II. <u>CONCLUSION</u>

For the reasons set forth herein, Defendant respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion to Strike.

-4-

Dated: January 6, 2016

Respectfully submitted,

COHEN & GRIGSBY, P.C.

By: s/ Robert M. Linn
Robert M. Linn (SBN 190387)
625 Liberty Avenue
Pittsburgh, PA 15222-3152
rlinn@cohenlaw.com
(412) 297-4900
(412) 209-0672 (fax)

Attorneys for Defendant
Guardian Protection Services, Inc.

2208346.v1

-5-

Clarice Tuck v. Guardian Protection Services, Inc.
United States District Court Case No. 15-CV-1376-JLS(JLB)

## CERTIFICATE OF SERVICE

I, Robert M. Linn, hereby certify that I caused to be served upon the Plaintiff a copy of the following document:

- **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

via U.S. Mail, First Class, at Plaintiff's last reported address as follows:

Clarice Tuck
1600 E. Vista Way #110
Vista, CA 92084

Executed on **January 6, 2016**, in Pittsburgh, Pennsylvania.

                                                s/ Robert M. Linn
                                                Robert M. Linn