1  Robert M. Linn (State Bar # 190387)
   rlinn@cohenlaw.com
2  COHEN & GRIGSBY, P.C.
   625 Liberty Avenue
3  Pittsburgh, PA 15222-3152
   Phone: (412) 297-4900
4  Fax: (412) 209-0672

5  Attorneys for Defendant
   Guardian Protection Services, Inc.
6

7  _____

8                      UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9
   _____
10
   CLARICE TUCK,                    )   CASE NO. 15-CV-1376-JLS(JLB)
11                                   )
                        Plaintiff,   )
12                                   )
           v.                        )   **REPLY MEMORANDUM OF**
13                                   )   **POINTS AND AUTHORITIES**
   GUARDIAN PROTECTION               )   **IN FURTHER SUPPORT OF**
14 SERVICES, INC.,                   )   **MOTION TO DISMISS FOR**
                                     )   **FAILURE TO STATE A CLAIM**
15                      Defendant.   )
                                     )   (Special briefing schedule ordered)
16 _____  )
                                     )   Date:    January 21, 2016
17                                   )   Time:    1:30 p.m.
                                     )   Ctrm:    4A
18                                   )   Judge:   Hon. Janis L. Sammartino

19

20

21

22

23

24

25

26

27

28
                                    -i-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Guardian Protection Services, Inc. ("Defendant" or "Guardian"), by and through its attorneys, Cohen & Grigsby, P.C., files the following Reply Memorandum of Points and Authorities in Further Support of Motion to Dismiss for Failure to State a Claim in response to the Amended Complaint filed by Plaintiff Clarice Tuck ("Plaintiff").

## I.     INTRODUCTION

Plaintiff's reliance upon her agreements with Guardian and her steadfast refusal even to attempt to satisfy federal pleading requirements that are binding upon *all* litigants, whether or not represented by counsel, make clear that this truly frivolous action is not what it purports to be — i.e., it is not a claim arising from unauthorized bulk telemarketing calls and unfair debt collection practices.  Plaintiff's most recent submissions provide further confirmation that she is using inapposite federal statutes as a Trojan horse through which she hopes to air an unrelated grievance with a stranger to the lawsuit, all in an effort to avoid paying the early-termination fee required under her contract and punish Guardian for holding her to her end of the bargain.

-1-

## II.    DISCUSSION

### A.   Plaintiff Has Clearly Demonstrated That Further Amendment Would Be Futile Because Her Own Submissions Show That the Statutes upon Which She Bases Her Claims Have No Application Here.

In her Memorandum in Opposition, Plaintiff makes no effort to rebut the fact that she has improperly filed a lawsuit against Guardian under statutes that, as a matter of law, cannot apply to the facts that she has alleged.  Although Plaintiff argues — incredibly[1] — in her Motion to Strike that she has never seen the "terms and conditions" pages of her contracts with Guardian, these pages merely confirm and elaborate upon the facts set forth in the pages that Plaintiff herself had attached to her Amended Complaint, i.e., that Plaintiff had voluntarily provided Guardian with her cell phone number and that she had agreed to allow AMP Security to assign her contract to Guardian.

By executing the first page of the Monitoring Agreement — the page that Plaintiff herself had attached to her pleading — Plaintiff agreed that the Agreement "may be assigned to Guardian Protection Services, Inc."  Ex. A, Monitoring Agreement, Section A.  In the first page of the Sales and Installation Agreement ("SIA") attached to Plaintiff's Amended Complaint, Plaintiff designated her cellular phone number — the very number Plaintiff now claims that Guardian violated federal law by calling — as the Pre-Dispatch Verification Phone Number, see Ex. B, SIA,

---

[1] See Guardian's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Strike, at 3-4.

-2-

Section B, and she listed that same number as her preferred means of communication with Guardian on the first page of her Monitoring Agreement, see Monitoring Agreement, Section B (selecting "cellular" as preferred means of communication); id., Section A (listing cell phone number as 760-724-9439). These facts are derived not from the terms and conditions attached by Guardian, but rather from the pages attached by Plaintiff herself.

As Guardian noted in its principal Memorandum, "[p]rior express consent is a complete defense to Plaintiff[']s TCPA claim[,]" and it "can be demonstrated when the called party gives her wireless number to the person initiating the phone call 'without instructions to the contrary.'" Reardon v. Uber Techs., Inc., No. 14-CV-05678-JST, 2015 WL 4451209, at **6-7 (N.D. Cal. July 19, 2015) (citation omitted). Not only did Plaintiff "g[i]ve[] her wireless number to the person initiating the phone call 'without instructions to the contrary[,]'" she indicated unequivocally that she "*preferred*" that *any* communication from AMP Security, or its assignee Guardian, come through that very number. Because the exhibits attached to Plaintiff's Amended Complaint establish that the phone calls that form the basis of this lawsuit were made with her "prior express written consent," her claims under 47 U.S.C. § 227(b)(1)(A) fail as a matter of law. See Baird v. Sabre Inc., 995 F. Supp. 2d 1100, 1106 (C.D. Cal. 2014).

Likewise, even without the terms and conditions omitted from Plaintiff's Amended Complaint — which, as discussed in Guardian's principal Memorandum, clearly show that the calls she received were "distress signals" caused by her improper

-3-

removal of the system, not "debt collection" calls — it is abundantly clear that the

Federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt

Collection Practices Act are entirely inapplicable to this lawsuit.  The exhibits attached

to Plaintiff's Amended Complaint show unequivocally that — to the extent that

Plaintiff alleges that she received phone calls relating to a "debt"[2] — Guardian was

acting not as a "debt collector," but rather as a provider of services that Plaintiff had

actually contracted to receive.

     All of Plaintiff's non-TCPA claims are alleged under the Federal FDCPA or the

California Rosenthal FDCPA, both of which apply *only* to those who satisfy the

appropriate statutory definition of the term "debt collector."  See Schlegel v. Wells

Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (noting the FDCPA "appl[ies]

only to debt collectors' as defined by the [Act]" (citations omitted)); Rosal v. First

Federal Bank of California, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009) ("To be held

liable for violation of the RFDCPA, a defendant must fall within the Act's definition of

'debt collector.'" (citations omitted)).  Therefore, Plaintiff's claims cannot survive

unless she can allege facts from which this Court could plausibly infer that Guardian

---

[2] At this juncture, it is worth reiterating that the fundamental inconsistencies in
Plaintiff's pleading relating to these phone calls are, standing alone, a sufficient basis
upon which this Court could grant Guardian's Motion.  At various points in her
Amended Complaint, Plaintiff states that the alleged calls — which Plaintiff
characterizes as "voice and/or automated phone calls," Amended Complaint ¶ 27 —
were made: (1) "to collect an alleged [] consumer debt," id. ¶ 10, but also without
disclosure of the caller's identity, id. ¶ 38; and (2) using a voice that was somehow
both "artificial" and "pre-recorded," id. ¶ 17.

-4-

meets those statutory definitions.  Specifically, to state a claim under the Federal FDCPA, Plaintiff must demonstrate that the "principal purpose" of Guardian Protection Services, Inc. is debt collection or that Guardian "regularly collects … debts … *owed or due another*."  Id.; 15 U.S.C. § 1692a(6) (emphasis added).  Similarly, to plead a cause of action under the RFDCPA, Plaintiff must show that Guardian "in the ordinary course of business, regularly … engages in debt collection."  Id. (quoting Cal. Civ. Code § 1788.2(c)).  Plaintiff has done neither.

The exhibits attached to Plaintiff's own pleading confirm that Guardian is not a "debt collector" in any meaningful sense of the term.  Rather, as Plaintiff herself has alleged, Guardian is simply a "security[-]system business entity" that — like any other for-profit business — charges a fee for its services.  Because Plaintiff has demonstrated that she cannot establish Guardian's status as a "debt collector" under the FDCPA or the RFDCPA, she cannot plead a viable claim against Guardian for violating those statutes.

The Ninth Circuit Court of Appeals has held that "if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."  Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.) amended, 856 F.2d 111 (9th Cir. 1988).  Accordingly, "[i]f [a] district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then [] dismissal without leave to amend is proper."  Id. (citation omitted).

-5-

Given the allegations in Plaintiff's Amended Complaint, and the documents offered in support thereof, it is abundantly clear that the factual basis of this lawsuit — to wit, the phone calls that Guardian allegedly placed to the cell phone number that Plaintiff had designated in her contracts — has absolutely nothing to do with "bulk telemarketing calls" or "fair debt collection practices."  Indeed, Plaintiff's own submissions conclusively establish that the statutes under which she has filed this lawsuit *could not have been* violated by Guardian's alleged phone calls.  Because "allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" in Plaintiff's Amended Complaint, it should be dismissed with prejudice.

**B.**   **Plaintiff Continues to Ignore Her Obligation to Satisfy Even the Minimal Pleading Requirements of Federal Rule of Civil Procedure 8(a).**

In addition to its inherently frivolous nature, Plaintiff's Amended Complaint is plagued by Plaintiff's continued refusal to even attempt to set forth sufficient factual detail to satisfy the pleading requirements of the Federal Rules of Civil Procedure.  Plaintiff's Memorandum in Opposition provides further confirmation that she either cannot allege facts that meet the federal pleading requirements or has no intention of doing so.  In either event, her Amended Complaint should be dismissed.

It is well established that "*pro se* litigants are bound by the rules of procedure" just like parties represented by counsel.  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted).  Therefore, "even though proceeding *pro se*, [Plaintiff] must

-6-

comply with the Federal Rules of Civil Procedure or risk being subject to sanctions." Ramondetta v. Philips Elecs. Ltd., No. C-07-3329 EMC, 2007 WL 4209443, at *1 (N.D. Cal. Nov. 27, 2007).

While Plaintiff technically utilized her opportunity to amend her original Complaint as of right, the opportunity was clearly wasted, as the allegations set forth in her Amended Complaint are largely the same as those averred in her original Complaint.  Indeed, although Plaintiff added several impertinent and immaterial allegations regarding unrelated and unsubstantiated complaints from disgruntled customers — and attached the first page of the parties' contracts, which clearly reveal the frivolous nature of this lawsuit — she failed to add *any* meaningful factual detail to her claims.

Plaintiff's Amended Complaint and Memorandum in Opposition make clear that rather than attempt to remedy the various pleading defects in her Complaint, Plaintiff has instead chosen to "double down" on her original submission, apparently persisting in her belief that a bare recitation of the elements of a claim is sufficient to state a cause of action in federal court.  See Plaintiff's Memorandum in Opposition ¶¶ 22-28. However, as Guardian noted in its principal Memorandum, a complaint offering nothing more than "'labels and conclusions[,]…a formulaic recitation of the elements of a cause of action…[or] naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  While

-7-

Guardian is keenly aware that Plaintiff is proceeding *pro se*, it is she who has initiated this action, and her status as a *pro se* litigant does not exempt her from the obligation to comply with federal pleading standards.  See <u>Ghazali</u>, 46 F.3d at 54.  Because Plaintiff has twice demonstrated that she cannot plead a cause of action against Guardian, this Court should dismiss her Amended Complaint, with prejudice.

### III.    <u>CONCLUSION</u>

For the reasons set forth herein, and in Guardian's principal Memorandum, Guardian respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint, with prejudice.

Dated: January 6, 2016

Respectfully submitted,

COHEN & GRIGSBY, P.C.

By: _s/ Robert M. Linn_____
Robert M. Linn (SBN 190387)
625 Liberty Avenue
Pittsburgh, PA 15222-3152
rlinn@cohenlaw.com
(412) 297-4900
(412) 209-0672 (fax)

Attorneys for Defendant
Guardian Protection Services, Inc.

2207809.v1

-8-

<u>Clarice Tuck v. Guardian Protection Services, Inc.</u>
United States District Court Case No. 15-CV-1376-JLS(JLB)

## **CERTIFICATE OF SERVICE**

I, Robert M. Linn, hereby certify that I caused to be served upon the Plaintiff a copy of the following document:

- **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

via U.S. Mail, First Class, at Plaintiff's last reported address as follows:

Clarice Tuck
1600 E. Vista Way #110
Vista, CA 92084

Executed on **January 6, 2016**, in Pittsburgh, Pennsylvania.


   s/ Robert M. Linn
Robert M. Linn

CERTIFICATE OF SERVICE                                      15-CV-1376-JLS(JLB)