UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE TUCK,<br><br>                                   Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION SERVICES, INC.,<br><br>                                   Defendant. | Case No.: 15-CV-1376 JLS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 32) |

Presently before the Court is Defendant Guardian Protection Services, Inc.'s, Motion to Dismiss for Failure to State a Claim. (MTD, ECF No. 32.) Also before the Court are Plaintiff Clarice Tuck's Opposition to (ECF No. 34) and Defendant's Reply in Support of (ECF No. 35) the MTD. The Court vacated the hearing and took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 36.) Having considered the parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's MTD. (ECF No. 32.)

## BACKGROUND

On July 29, 2013, Plaintiff signed an "Authorized Dealer Monitoring and Repair Agreement (MRA) and Retail Installment Contract" with AMP Security. (First Am.

///

///

Compl. (FAC) Ex. G-1, ECF No. 16 at 40.[1])  The MRA provides that it "may be assigned to Guardian Protection Services, Inc. . . . .  AMP and Guardian are sometimes referred to as 'Company,' 'We,' or 'Our.'"  (*Id.*)  On that same date, Plaintiff also signed an "Authorized Dealer Sales and Installation Agreement" (SIA).  (*See* MTD Mem. Ex. B, ECF No. 32-3.)  In the SIA, Plaintiff designated her cell number as the "Pre-Dispatch Verification Phone Number."  (*Id.* at 2.)

On December 2, 2014, Plaintiff contacted Defendant to demand discontinuation of her service, an end to her contract, and payment of $200 to repair her thermostat wiring.  (FAC Ex. B, ECF No. 16 at 22.)  She informed Defendant that she had "had nothing but problems with [the AMP Security] system."  (*Id.*)

/ / /

---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.  Because Plaintiff's Second Amended Complaint (SAC) is factually sparse, the Court relies in part upon the exhibits to Plaintiff's FAC.  The Court may consider documents incorporated by reference and matters of judicial notice without converting Defendant's MTD into a motion for summary judgment.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Because Plaintiff's agreements with Defendant are "explicitly referenced and relied on in the Amended Complaint, *see*[*, e.g.*, SAC 17, ECF No. 30], and Plaintiff[] do[es] not contest the authenticity of the copy attached to Defendant's motion to dismiss," *see City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012), the Court considers Exhibit G-1 to the SAC (ECF No. 16 at 40) and the first page of Exhibit B to Defendant's MTD (ECF No. 32-3 at 2) incorporated by reference and therefore treats them as part of the SAC, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Consequently, the Court assumes that the contents of these two documents are true for the purposes of Defendant's MTD. *See id.*; *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("The court may treat . . . a document [incorporated by reference] as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'") (citing *Ritchie*, 342 F.3d at 908).

With respect to the remaining exhibits to Plaintiff's FAC, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record," including the court's own records.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001).  While the Court may take judicial notice of the fact of such records, it may not do so for the truth of the facts asserted therein.  *Id.* at 690.  "That said, the Court notes that the prior complaint was filed by the Plaintiff, who endorsed its veracity . . . . [(*See* FAC at ¶¶ 64–69, ECF No. 16.)]  Moreover, the amended complaint may only allege other facts consistent with the challenged pleading."  *Franklin v. United States*, No. 1:11-CV-00173-EPG-PC, 2016 WL 471941, at *5 (E.D. Cal. Feb. 8, 2016) (internal quotation marks omitted) (quoting *Reddy v. Litton Inuds., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)), *reconsideration denied*, 2016 WL 1749441 (May 3, 2016); *see also Fay v. Mortg. Elec. Registration Sys., Inc.*, No. C11-5458BHS, 2012 WL 993437, at *2 (W.D. Wash. Mar. 22, 2012) (judicially noticing attachments to prior complaints "as the authenticity of such documents cannot reasonably be disputed).

In the fifty-two day period between February 25, 2015 and April 17, 2015, Defendant called Plaintiff's cell phone more than forty times, on some days more than once in the same business day. (SAC at 8–9, ECF No. 30; *see also* SAC Ex. A, ECF No. 30 at 32–33.) Defendant also "ignored all written attempts by Plaintiff . . . to have the defendant . . . cease and desist all collection activities immediately." (SAC at 10, ECF No. 30 (emphasis omitted).)

In March 2015, Plaintiff checked her consumer credit report from all three national credit reporting agencies—Experian, Equifax, and TransUnion—and discovered multiple credit accounts reported by Defendant in negative status. (*Id.* at 22.)

On June 23, 2015, Plaintiff filed her initial complaint, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p; Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227; and California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code §§ 1788–1788.33. (*See generally* Compl., ECF No. 1.)

Following the filing of Defendant's first motion to dismiss on September 21, 2015 (*see* ECF No. 8), Plaintiff filed her FAC on November 18, 2015 (*see* ECF No. 16). The Court accepted Plaintiff's FAC on discrepancy and denied as moot Defendant's first motion to dismiss. (*See* ECF Nos. 15, 17.)

Defendant then filed a second motion to dismiss on December 3, 2015. (*See* ECF No. 19.) Following Plaintiff's filing of the operative SAC (*see* ECF No. 30)—which added alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the California Consumer Credit Reporting Agencies Act (CCRAA), California Civil Code §§ 1785 *et seq.*—the Court denied as moot Defendant's second motion to dismiss (*see* ECF No. 31).

Defendant filed the instant MTD on February 16, 2016. (*See* ECF No. 32.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted,"

generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto*

*v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Plaintiff's SAC alleges nine causes of action for violation of: (1) § 227(b)(a)(A) of the TCPA, (2) § 1692(c)(a)(1) of the FDCPA, (3) § 1692(d)(5) of the FDCPA, (4) § 1692(d)(6) of the FDCPA, (5) § 1692(e)(1) of the FDCPA, (6) § 1681 of the FCRA, (7) § 1681b of the FCRA, (8) the CCRAA, and (9) the Rosenthal Act. (*See generally* SAC 11–28, ECF No. 30.) Defendant asks the Court to dismiss Plaintiff's SAC with prejudice for failure to state a claim under Rule 12(b)(6). (*See* MTD 5, ECF No. 32; MTD Mem. 29, ECF No. 32-1.)

**I.      First Cause of Action: Violation of § 227(b)(1)(A) the TCPA**

Plaintiff's first cause of action alleges that Defendant violated § 227(b)(1)(A) of the TCPA. (*See* SAC at 11–16, ECF No. 30.) Defendant argues that this cause of action must be dismissed because Plaintiff provided express written consent to receive the calls and because Plaintiff has failed to allege adequately the use of an automatic telephone dialing system or an artificial or prerecorded voice. (*See* MTD Mem. 13–18, ECF No. 32-1.)

Pursuant to 47 U.S.C. § 227(b)(1)(A)(i):

> It shall be unlawful for any person within the United States . . . [¶] to make any call (other than a call made for emergency purposes of made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice . . . [¶] to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call . . . .

There are therefore three elements to a TCPA claim: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Defendant challenges the adequacy of Plaintiff's allegations concerning only the second and third elements.

///

1    Regarding the second element, the TCPA defines "automatic telephone dialing system" as "equipment which has the capacity . . . [¶] (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and [¶] (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff alleges that "[Defendant] has entered into written contracts with all of its subsidiaries to use predictive dialers" and that "use of an ATDS is standard industry practice among consumer debt collectors." (*See* Compl. 13, ECF No. 30.) Moreover, "[o]n information and belief, within the past four years, [Defendant] ha[s made] ten[s] of thousands of Voice and/or ATDS calls to the cellular telephones of consumers *who had not*, during the transactions that resulted in the alleged consumer debt, *previously given* [Defendant] *prior written express consent* to receive such calls." (*Id.* (emphasis in original).)

These allegations are sufficient. *See Iniguez v. CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013) (noting that an allegation that defendant used an automatic telephone dialing system is sufficient to support a TCPA claim). Moreover, although Defendant argues that Plaintiff's allegations that Defendant "specifically targeted . . . her for the purpose of collecting a debt" "defeat her contention that the calls were placed with an ATDS" (MTD Mem. 17, ECF No. 32-1), "whether or not Defendant's system randomly generated Plaintiff's number is not determinative because the TCPA only requires that the system have that capability, not that it was actually utilized with respect to a particular phone call," *Iniguez*, 969 F. Supp. 2d at 1247 (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009)).

Plaintiff additionally alleges that Defendant used an artificial prerecorded voice, specifically "'agentless' recorded messages as reminders" (SAC 12, ECF No. 30), an allegation which is also individually sufficient to support Plaintiff's TCPA claim, *see Iniguez,* 969 F. Supp. 2d at 1247. Such allegations are "based on Plaintiff's own experience when she answered Defendant's phone calls, and [are] therefore not vague or conclusory." *Id.*

/ / /

With respect to the third element of Plaintiff's TCPA cause of action, "[p]rior express consent is a complete defense to [a] TCPA claim." *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1097 (N.D. Cal. 2015). As an affirmative defense, "whether a TCPA plaintiff actually gave express prior consent is . . . to be raised and proven by a defendant." *Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1073 (S.D. Cal. 2014) (collecting cases); *accord Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 ¶ 10 (F.C.C. Jan. 4, 2008)). "An affirmative defense cannot serve as a basis for dismissal unless it is obvious on the face of the complaint." *Gomez v. Quicken Loans, Inc.*, 629 Fed. App'x 799, 801 (9th Cir. Nov. 2, 2015) (citing *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013)).

The Ninth Circuit has noted that "[e]xpress consent is '[c]onsent that is clearly and unmistakably stated.'" *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) (quoting Black's Law Dictionary 323 (8th ed. 2004)). The FCC has explained that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C.R. 8752, 8769 ¶ 31 (F.C.C. Oct. 16, 1992). "In accordance with the 1992 FCC Order, the vast majority of cases to address the issue have held that a telephone customer who provides her number to another party consents to receive calls or texts from that party." *Reardon*, 115 F. Supp. 3d at 1097 (collecting cases).

As of October 16, 2013, however, the FCC concluded that the form of "express consent" required under § 227(b)(1) would thereafter be "prior express written consent" that is signed and is "sufficient to show that the consumer: (1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent . . . ; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857

¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).  Most recently, on July 10, 2015, the FCC clarified that "[f]or non-telemarketing and non-advertising calls, express consent can be demonstrated . . . , in the absence of instructions to the contrary, by [the called party] giving his or her wireless number to the person initiating the autodialed or prerecorded call." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C.R. 7961, 7991–92 ¶ 52 (F.C.C. July 10, 2015).  "[T]he consumer may revoke his or her consent in any reasonable manner that clearly expresses his or her desire not to receive further calls." *Id.* at 7998–99 ¶ 70.  "This court is bound by the FCC's interpretations of the TCPA, unless those interpretations are invalidated by a court of appeals." *Reardon*, 115 F. Supp. 3d at 1097.

Plaintiff furnished her cell phone number to Defendant on July 29, 2013 (*see* MTD Mem. Ex. B, ECF No. 32-3 at 2), prior to the effective date of the FCC's 2012 Order.  Under the then-operative 1992 FCC Order and case law within this Circuit, this was likely sufficient to evidence prior express consent.  Plaintiff also alleges, however, that "Defendant . . . ignored all written attempts by Plaintiff . . . to have the defendant . . . cease and desist all collection activities immediately . . . ."  (SAC at 10, ECF No. 30 (emphasis omitted).)  "Plaintiff[']s . . . allegations that [she] revoked [her] consent are sufficient to permit [her] claims to survive [Defendant]'s motion to dismiss." *See Reardon*, 115 F. Supp. 3d at 1102.  Because Defendant has failed to establish that its affirmative defense is obvious on the face of the complaint, the Court **DENIES** Defendant's MTD as to Plaintiff's first cause of action.

## II. Second Through Fifth Causes of Action: Violations of the FDCPA

The FDCPA was intended "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Defendant argues that Plaintiff's second through fifth causes of action, which allege violations of various provisions of the FDCPA, necessarily fail because "Plaintiff has

utterly failed to allege that [Defendant] satisfies [the statutory definition of the term 'debt collector']." (MTD Mem. 18, ECF No. 32-1; *see also id.* at 18–20.)

For purposes of the FDCPA, there are two definitions for the phrase debt collector:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6); *see also Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). However, "[t]he term does not include . . . [¶] any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . . ." 15 U.S.C. § 1692a(6)(A).

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

Plaintiff alleges that "Defendant . . . is a foreign Corporation authorized to conduct business and collect consumer debts in California" (SAC 7, ECF No. 30) and "has carried on its business by engaging in consumer debt collection practices" (*id.* at 12). Plaintiff adds that "Defendant[] . . . ha[s] made telephone calls to the cellular telephones of consumers for purposes of collecting consumer debts allegedly owed to [Defendant]." (*Id.*) Moreover, "Defendant . . . [is a] 'debt collector[]' within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*" (*Id.* at 17 (emphasis in original).) Plaintiff also alleges, however, that "[a]ll of the calls described above were placed by GPS to Plaintiff Tuck's cellular phone solely to collect a consumer debt allegedly owed to GPS." (*Id.* at 15 (emphasis omitted).) Plaintiff nowhere alleges that the principal purpose of Defendant's business is debt collection. (*See generally* SAC, ECF No. 30.)

Taking Plaintiff's allegations as a whole—and construing them in the light most favorable to her, *see Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)—Plaintiff has not plausibly alleged that Defendant meets either of the FDCPA's definitions of debt collector. First, Plaintiff has not alleged that the principal purpose of Defendant's business is debt collection. *See* 15 U.S.C. § 1692a(6). Rather, the documents incorporated by reference into Plaintiff's SAC tend to show that Defendant provided security services to Plaintiff. (*See, e.g.*, FAC Ex. G-1, ECF No. 16 at 40; MTD Ex. B, ECF No. 32-3 at 1.) Consequently, "the complaint's factual matter, viewed in the light most favorable to [Plaintiff], establishes only that debt collection is *some* part of [Defendant]'s business, which is insufficient to state a claim under the FDCPA." *See Schlegel*, 720 F.3d at 1209 (emphasis added) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)).

With respect to the second definition for debt collector, Plaintiff herself acknowledges that Defendant was attempting to collect a debt allegedly owed to itself. (*See* SAC 15, ECF No. 30.) "The complaint makes no factual allegations from which [the Court] could plausibly infer that [Defendant] regularly collects debts owed to someone other than [Defendant]." *See Schlegel*, 720 F.3d at 1209. Consequently, Plaintiff does not plausibly allege that Defendant is a debt collector under 15 U.S.C. § 1692a(6). Furthermore, Plaintiff's allegation that Defendant was attempting to collect a debt allegedly owed to itself makes Defendant a creditor under 15 U.S.C. § 1692a(4). As such, Defendant is not a debt collector as defined by the FDCPA to the extent that its employees attempted to collect the alleged debt owed to Defendant. *See* 15 U.S.C. § 1692a(6)(A).

Because Plaintiff fails plausibly to allege that Defendant is a debt collector under either of the definition in 15 U.S.C. § 1692a(6), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's second through fifth causes of action for violations of the FDCPA. *See, e.g.*, *Schlegel*, 720 F.3d at 1210.

/ / /

/ / /

### III.     Sixth and Seventh Causes of Action: Violations of the FCRA

"The purpose of FCRA is to ensure accuracy and fairness in credit reporting and to require that such reporting is confidential, accurate, relevant and proper." *Ashby v. Farmers Ins. Co. of Or.*, 565 F. Supp. 2d 1188, 1208–09 (D. Or. 2008) (quoting *Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1244 (10th Cir. 1999)); *see also* 15 U.S.C. § 1681. Plaintiff's sixth cause of action specifically invokes 15 U.S.C. § 1681s-2(a) (*see* SAC 24, ECF No. 30), while her seventh cause of action alleges violation of 15 U.S.C. § 1681b (*see id.* at 25–26).

With respect to Plaintiff's sixth cause of action, under § 1681s-2(a), "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiff, however, has no private right of action under § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)(1), (d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Plaintiff's sixth cause of action is therefore **DISMISSED WITH PREJUDICE**.

Turning to Plaintiff's seventh cause of action, § 1681(b) outlines the permissible circumstances for furnishing and obtaining a consumer credit report. *See generally* 15 U.S.C. § 1681b. Plaintiff alleges that she "[a]t no time . . . g[a]ve h[er] consent for Defendant . . . to acquire h[er] consumer credit report from any consumer reporting agency" and that "Defendant . . . had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit report and Defendant . . . breached said duty by failing to do so." (SAC 25, ECF No. 30.) Plaintiff nowhere alleges, however, that Defendant actually *did* obtain Plaintiff's credit report. (*See generally* SAC, ECF No. 30.)

Even more problematic for Plaintiff's seventh cause of action, however, are Plaintiff's allegations that Defendant was collecting a debt allegedly owed by Plaintiff to Defendant. (*See, e.g.*, *id.* at 8–10, 25 (incorporating by reference all "general factual

allegations" alleged previously).) "[R]equesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA." *Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH-JMA, 2014 WL 51275, at *6 (S.D. Cal. Jan. 6, 2014) (citing *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009)), *appeal dismissed* (Feb. 26, 2014); *see also* 15 U.S.C. § 1681b(a)(3)(A) ("[A]ny consumer reporting agency may furnish a consumer report under the following circumstances . . . [¶] To a person which it has reason to believe . . . [¶] intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ."). This is the case whether or not Plaintiff "had any agreements or dealings with [Defendant]." *See Ekhlas v. NCO Fin. Sys., Inc.*, No. SA CV 13-0978-DOC (ANx), 2013 WL 6190660, at *2 (C.D. Cal. Nov. 25, 2013). Because Plaintiff fails to allege facts suggesting an impermissible purpose—and rather pleads facts suggesting a permissible purpose—for Defendant obtaining her credit report, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's seventh cause of action.

### IV. Eighth Cause of Action: Violation of the CCRAA

"The CCRAA mirrors the provisions of the FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995). As such, "the purpose of the FCRA [is] to promote the accuracy of information in a consumer credit report." *Id.* at 1334. The SAC specifically identifies California Civil Code §§ 1785.15(f) and 1785.31(a) from the CCRAA. (*See* SAC 6, ECF No. 30.)

Under California Civil Code § 1785.15(f), "[a]ny written disclosure by a consumer credit reporting agency to any consumer pursuant to this section shall include a written summary of all rights the consumer has under this title . . . ." Because Defendant is not a consumer credit reporting agency, this section is inapplicable to Defendant.

California Civil Code § 1785.31(a) provides "[a]ny consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person . . . ." Because "[p]rivate plaintiffs cannot bring

CCRA claims against a furnisher of credit information," *see Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012), however, Plaintiff's eighth cause of action also fails to the extent it is predicated on § 1785.31.

Accordingly, Plaintiff's eighth cause of action is **DISMISSED WITH PREJUDICE**.

## V.     Ninth Cause of Action: Violation of the Rosenthal Act

The Rosenthal Act is intended "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts . . . ." Cal Civ. Code § 1788.1. "To establish a violation of . . . the Rosenthal Act, Plaintiff[] must allege: (1) [she] w[as a] consumer[] (2) who w[as] the object of a collection activity arising from a consumer debt, and (3) the defendant is a 'debt collector,' (4) who engaged in an act or omission prohibited by the . . . Rosenthal Act." *Lazo v. Summit Mgmt. Co., LLC*, No. 1:13-CV-02015-AWI-JL, 2014 WL 3362289, at *16 (E.D. Cal. July 9, 2014) (citing *Miranda v. Law Office of D. Scott Carruthers*, No. 1:10-cv-01487 OWW SMS, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011)), *adopted*, 2014 WL 3689695 (E.D. Cal. July 24, 2014). Defendant challenges only the third and fourth elements.

With respect to the third element, Defendant argues that Plaintiff's ninth cause of action is defective because Plaintiff has failed to plead that Defendant is a debt collector. (MTD Mem. 27–28, ECF No. 32-1.) For the purposes of the Rosenthal Act, however, "[t]he term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). This definition is "more inclusive" than that found in the FDCPA, thereby "enlarging the pool of entities who can be sued, . . . which grants protection beyond what is provided by the FDCPA." *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1131 (S.D. Cal. 2005). As detailed above, *see supra* Part II, Plaintiff alleges that Defendant regularly engages in debt collection on behalf of itself. (*See, e.g.*, SAC 7, 12, 17, ECF No. 30.) The Court therefore concludes that Plaintiff has adequately pled that Defendant is a

debt collector for purposes of her Rosenthal Act cause of action, even though her allegations were insufficient for purposes of the FDCPA.

Turning to the fourth element of a Rosenthal Act claim, Plaintiff specifically invokes §§ 1788.11(d) and 1788.17. California Civil Code § 1788.11(d) prohibits debt collectors from "collect[ing] or attempt[ing] to collect a consumer debt by . . . [¶] [c]ausing a telephone to ring repeatedly or continuously to annoy the person called . . . ." Defendant contends that Plaintiff's § 1788.11(d) claim fails because Defendant "did not cause Plaintiff's phone to ring 'repeatedly or continuously to annoy' her." (MTD Mem. 28, ECF No. 32-1 (quoting *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010)).)

"Court opinions differ . . . as to the amount or pattern of calls sufficient to raise a triable issue of fact regarding the intent to annoy, harass, or oppress." *Bennett v. Portfolio Recovery Assocs., LLC*, No. CV 12-09827 DSF, 2013 WL 6320851, at *3 (C.D. Cal. Nov. 22, 2013) (quoting *Arteaga*, 733 F. Supp. 2d at 1227). At this stage, Plaintiff's allegations that she received forty calls in fifty-two days (*see* SAC Ex. A, ECF No. 30 at 32–33; *see also* SAC 8–9, 18–19, ECF No. 30)—sometimes receiving two calls in one day (*see id.*)—are sufficient to survive Defendant's MTD, *see, e.g.*, *Bennett*, 2013 WL 6320851, at *3 (denying summary judgment where defendant called plaintiff 113 times in eight months); *Joseph v. J.J. Mac Intyre Cos.*, 281 F. Supp. 2d 1156, 1162, 1164–65 (denying summary judgment where defendant called plaintiff approximately seventy-five times in two-and-a-half years); *Rucker v. Nationwide Credit, Inc.,* No. 2:09-CV-2420-GEBEFB, 2011 WL 25300, at *2 (E.D. Cal. Jan. 5, 2011) (denying summary judgment where defendant called plaintiff approximately eighty times in one year). Accordingly, the Court **DENIES** Defendant's MTD to the extent it seeks dismissal of Plaintiff's claim under § 1788.11(d).

Section 1788.17 requires debt collectors to comply with the FDCPA. Defendant contends that Plaintiff's § 1788.17 claim fails because "Plaintiff has failed to allege a violation of the [FDCPA]." (MTD Mem. 28, ECF No. 32-1.) Because the Court dismissed Plaintiff's second through fifth causes of action for violation of the FDCPA, *see supra* Part

II, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's ninth cause of action to the extent it relies upon § 1788.17.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's MTD. (ECF No. 32.) Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's second, third, fourth, fifth, seventh, and ninth[2] causes of action and **DISMISSES WITH PREJUDICE** Plaintiff's sixth and eighth causes of action. Plaintiff **MAY FILE** a third amended complaint (TAC) within <u>thirty (30) days</u> of the date on which this Order is electronically docketed. *Failure to file a TAC by this date may result in dismissal with prejudice of the aforementioned causes of action.*

**IT IS SO ORDERED.**

Dated: September 8, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court dismisses Plaintiff's ninth cause of action only to the extent it relies upon California Civil Code § 1788.17.