UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE TUCK,<br><br>                            Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION SERVICES, INC.,<br><br>                            Defendant. | Case No.: 15-CV-1376 JLS (JLB)<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>(ECF No. 39) |

Presently before the Court is Defendant Guardian Protection Services, Inc.'s Motion to Strike. ("MTS," ECF No. 39.) Plaintiff did not file a response in opposition to Defendant's MTS. The Court vacated the hearing on the matter and took it under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 41.) After considering Defendant's arguments and the law, the Court **GRANTS** Defendant's MTS.

## LEGAL STANDARD

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy,*

*Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd.*, 372 F. Supp. 2d at 561).

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527 (internal citations and quotations omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal citations and quotations omitted). A pleading is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action." *Cortina*, 94 F. Supp. at 1182.

"Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters." *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010) (citing *Fantasy, Inc.*, 984 F.2d at 1527). A motion to strike should be granted only if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *N.Y. City Emps. Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128

(N.D. Cal. 2009) (quoting *Rivers v. County of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2006)). Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *Id.*

## ANALYSIS

Defendant requests that the Court strike from Plaintiff's Third Amended Complaint ("TAC") (1) Paragraph 11, including accompanying Exhibits B and C; and (2) all references to 15 U.S.C. § 1692, including those in Paragraphs 1, 17, 18, and 23. (MTS 10, ECF No. 39-1.) Plaintiff has not filed an opposition to Defendant's motion. Civil Local Rule 7.1(e)(2) commands that "each party opposing a motion . . . must file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than fourteen (14) *calendar* days prior to the noticed hearing." "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c). Thus, on this basis the Court **GRANTS** Defendant's Motion to Strike. But the Court also finds that each of Defendant's requests has merit, as explained below.

### I.   Paragraph 11, Exhibits B and C

Defendant argues that Paragraph 11 of Plaintiff's TAC should be stricken because it is (a) scandalous and (b) immaterial/impertinent. (MTS 4–10, ECF No. 39-1.)

Paragraph 11 of the TAC reads:

> On or about November of 2014 Plaintiff TUCK was told a story by her personal hair dresser of many years that her hair dressers 89 year old mother had recently been sold four (4) separate home security systems by this same AMP/GUARDIAN business collusion at her home in Temecula, CA. **[That's three (3) more billed security systems then any home or person would ever require or need],** she went on to say that GPS was *well known on the internet for targeting and ripping off old people*. Soon thereafter Plaintiff TUCK perused the internet for other unsuspecting older people's reviews regarding AMP/GUARDIAN and she was shocked and appalled at what she was quickly able to discover and learn in a very short period of time, **[SEE**

**EXHIBIT "B" - NEGATIVE ONLINE REVIEW #1]** and also **[SEE EXHIBIT "C" - AMP SECURITY NEGATIVE ONLINE REVIEW #2 & REVIEW #3]**

(TAC ¶ 11, ECF No. 38 (all emphases and grammatical errors in original).)

Defendant argues that in Paragraph 11 and accompanying Exhibits B and C Plaintiff "attempts to paint Guardian in a negative light by claiming that publicly available Yelp.com customer reviews and a news article contain critical or disparaging statements *about Guardian*." (MTS 4–5, ECF No. 39-1 (emphasis in original).) Beyond that, Defendant argues that Plaintiff doctored Exhibits B and C to portray Defendant in an even more negative light (i.e., she added references to Defendant where they did not exist in the original article or Yelp reviews). (*Id.* at 5–8.)

The Court agrees. First, the Court finds that these selections are scandalous. Paragraph 11 and its accompanying exhibits appear to exist for no other reason than to cast Defendant in a negative light. Plaintiff offers no reason for the inclusion of these selections, nor can the Court conceive of any. More importantly, it appears that Plaintiff has consciously falsified her attached exhibits to portray Defendant in a negative light. The Court understands that Plaintiff is proceeding pro se, but that does not excuse Plaintiff—or any party—from submitting false documents to the Court. While Defendant does not move for sanctions on this basis, the Court admonishes Plaintiff that similar actions in the future may result in the Court sua sponte imposing sanctions pursuant to Federal Rule of Civil Procedure 11(c)(3). Accordingly, the Court finds that these selections are scandalous. *See Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("A 'scandalous' matter improperly casts a derogatory light on someone, usually a party.").

Second, the Court finds that these selections are immaterial and impertinent to Plaintiff's case. Plaintiff's sole claim against Defendant is that it violated the Telephone Consumer Protection Act ("TCPA"). (*See* Compl. ¶¶ 31–56, ECF No. 38.) But Paragraph 11 and Exhibits B and C deal with *non-telephonic* sales tactics and deceptive representations. There is no mention of unauthorized or otherwise improper phone calls in

these portions of Plaintiff's TAC. Thus, not only are these selections scandalous, they are also immaterial and impertinent. *See Fantasy, Inc.*, 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." (internal citations and quotations omitted).)

## II.   References to the FDCPA

Defendant also argues that Plaintiff's references to the Fair Debt Collections Practices Act ("FDCPA"), including supporting factual allegations, should be stricken as immaterial and impertinent because Plaintiff does not assert a claim under the FDCPA. (MTS 8, ECF No. 39-1.) The Court agrees. Plaintiff previously argued that Defendant's conduct violated the FDCPA, but the Court dismissed those claims without prejudice. (*See* ECF No. 37.) However, Plaintiff did not re-allege her FDCPA claims in her TAC. (*See* TAC, ECF No. 38.) Thus, these references to the FDCPA, including allegations and legal assertions relating to debt collection, are immaterial and impertinent to Plaintiff's sole claim for violation of the TCPA.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Strike (ECF No. 39) the following portions of Plaintiff's TAC: (1) Paragraph 11, including accompanying Exhibits B and C; and (2) all references to 15 U.S.C. § 1692, including those in Paragraphs 1, 17, 18, and 23.

**IT IS SO ORDERED.**

Dated:  March 20, 2017

Hon. Janis L. Sammartino
United States District Judge